UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

**VIKKI Y. BRINEGAR,**      Case No. 1:09-cv-471

    **Plaintiff,**      Dlott, J.
                    Wehrman, M.J.

**vs.**

**COMMISSIONER OF SOCIAL SECURITY,**

    **Defendant.**

### REPORT AND RECOMMENDATION[1] THAT: (1) THE ALJ'S NON-DISABILITY FINDING BE FOUND SUPPORTED BY SUBSTANTIAL EVIDENCE, AND AFFIRMED; AND (2) THIS CASE BE CLOSED

This is a Social Security appeal filed by plaintiff, proceeding *pro se* pursuant to 42 U.S.C. § 405(g). At issue is whether the administrative law judge ("ALJ") erred in finding that plaintiff was not entitled to Disability Insurance Benefits ("DIB"). (*See* Administrative Transcript, Tr. at 9-16, ALJ's decision). Plaintiff also challenges the failure of the Appeals Council to grant her request for an extension of time in which to present additional evidence or argument.

### I.

Plaintiff filed an application for DIB on March 9, 2007, alleging a disability onset date of December 26, 2005, due to lower back pain. (Tr. 131, 140). Plaintiff was 33 years old at the time of her alleged disability, and was 35 years old on her last insured date. Her application was denied initially and on reconsideration. Plaintiff then requested a hearing *de novo* before an ALJ. An evidentiary hearing, at which plaintiff

---

[1]Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

also appeared *pro se*, was held on September 30, 2008. (Tr. 63-77). However, that hearing was continued without any testimony being taken due to the need for the ALJ to review additional medical records submitted at the time of the hearing. (Tr. 75-76). The second hearing was held on November 18, 2008, at which time plaintiff again appeared *pro se*. In addition to testimony by the plaintiff, the ALJ heard testimony from plaintiff's friend, and from a vocational expert. (Tr. 28).

On March 25, 2009, the ALJ entered his decision denying plaintiff's claim. That decision stands as defendant's final determination consequent to denial of review by the Appeals Council on May 4, 2009. (Tr. 1-3.)

The ALJ's "Findings," which represent the rationale of the decision, were as follows:

1. The claimant last met the insured status requirements of the Social Security Act on June 30, 2008.

2. The claimant did not engage in substantial gainful activity during the period from her alleged onset date of December 26, 2005 through her date last insured of June 30, 2008 (20 CFR 404.1571 *et seq*.).

3. Through the date last insured, the claimant had the following severe impairment: chronic back and leg pain (20 cfr 404.1521 *et seq*.).
..............
4. Through the date last insured, the claimant did not have an impairment or a combination of impairments that met or medically equaled one of the listed impairments in 20 CFR Part 404, Subpart P Appendix 1....

5. After careful consideration of the entire record, the undersigned finds that, through the date last insured, the claimant had the residual functional capacity to perform medium exertional work , that is, lifting and carrying 50 pounds occasionally and 25 pounds frequently, while sitting and/or standing and walking up to six hours each in an eight-hour work day, no more than frequent climbing of stairs/ramp but never ladder, rope or scaffolds; no

        more than frequent stooping or crouching; no more than frequent kneeling. She should avoid concentrated exposure to full body vibration and hazards.
    ..............................

6.     Through the date last insured, the claimant was capable of performing all of her past relevant work except the job at "Rent to Own" because of the lifting of furniture. The claimant's other jobs did not require the performance of work-related activities precluded by the claimant's residual functional capacity....
    ..............................

7.     The claimant was not under a disability, as defined in the Social Security Act, at any time from December 26, 2006, the alleged onset date, through June 30, 2008, the date last insured.

(Tr. 12-27). In summary, the ALJ concluded that Plaintiff was not under a disability as defined by the Social Security Regulations and was therefore not entitled to DIB.

On appeal, Plaintiff maintains that: (1) the ALJ erred in failing to find that Plaintiff's syncope and shoulder pain were severe impairments; (2) the ALJ erred in evaluating Plaintiff's pain, credibility, and subjective complaints; and (3) the Appeals Council erred in denying her request for review and for an extension of time in which to present additional evidence or argument. Each argument will be addressed in turn.

## II.

The Court's inquiry on appeal is to determine whether the ALJ's non-disability finding is supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971)(additional citation and internal quotation omitted). In performing this review, the Court considers the record as a

3

whole. *Hephner v. Mathews,* 574 F.2d 359, 362 (6th Cir. 1978). If substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if substantial evidence also exists in the record upon which the ALJ could have found plaintiff disabled. As the Sixth Circuit has explained:

> The Secretary's findings are not subject to reversal merely because substantial evidence exists in the record to support a different conclusion.... The substantial evidence standard presupposes that there is a "zone of choice" within which the Secretary may proceed without interference from the courts. If the Secretary's decision is supported by substantial evidence, a reviewing court must affirm.

*Felisky v. Bowen,* 35 F.3d 1027, 1035 (6th Cir. 1994)(citations omitted).

Upon consideration of an application for disability benefits, the ALJ is guided by a sequential benefits analysis, which works as follows: At Step 1, the ALJ asks if the claimant is still performing substantial gainful activity; at Step 2, the ALJ determines if one or more of the claimant's impairments are "severe;" at Step 3, the ALJ analyzes whether the claimant's impairments, singly or in combination, meet or equal a Listing in the Listing of Impairments; at Step 4, the ALJ determines whether or not the claimant can still perform her past relevant work; and, finally, at Step 5 – the step at which the burden of proof shifts to the ALJ – the ALJ determines, once it is established that the claimant can no longer perform her past relevant work, whether significant numbers of other jobs exist in the national economy which the claimant can perform. *See Gwizdala v. Commissioner of Soc. Sec.,* No. 98-1525, 191 F.3d 452 at *2 n.1 (6th Cir. Sept. 16, 1999)(unpublished, *per curiam,* text available at1999 WL 777534).

The claimant bears the ultimate burden to prove by sufficient evidence that she is entitled to disability benefits. 20 C.F.R. § 404.1512(a). That is, she must present sufficient evidence to show that, during the relevant time period, she suffered an impairment, or combination of impairments, expected to last at least twelve months, that left her unable to perform any job in the national economy. 42 U.S.C. § 423(d)(1)(A).

### A.

Plaintiff argues first that the ALJ erred in failing to find that her shoulder pain and syncope were a severe impairment between December 26, 2005 and June 28, 2008. Plaintiff's assertion is unavailing.

An impairment (or combination of impairments) is "severe" for purposes of Step 2 if it significantly limits a plaintiff's physical or mental ability to do basic work activities. *See Burton v. Apfel*, No. 98-4198, 2000 WL 125853, at *3 (6th Cir. Jan. 24, 2000); *see also* 20 C.F.R. §§404.1520(c) (DIB), 416.920(c) (SSI). In the physical context, this means a significant limitation upon a plaintiff's ability to walk, stand, sit, lift, push, pull, reach, carry or handle. *See* 20 C.F.R. §§404.1521(b)(1) (DIB), 416.921(b)(1) (SSI). In the mental context, this means a significant limitation upon a plaintiff's ability to understand, carry out, and remember simple instructions; use judgment; respond appropriately to supervision, co-workers and usual work situations; and deal with changes in a routine work setting. *Id.* §§404.1521(b)(3)-(b)(6) (DIB), 416.921(b)(3)-(b)(6) (SSI). Although the burden of proving that an impairment is "severe" is a relatively light one, it rests with the plaintiff, not with the Commissioner. *Walters v. Commissioner of Soc. Sec.*,

127 F.3d 525, 529 (6th Cir. 1997).

Here, the ALJ acknowledged plaintiff's allegations that she suffers from shoulder pain and syncope, yet found that neither -considered alone or in combination- was severe within the meaning of the Social Security Act. (Tr. 23). In addition to the shoulder pain and syncope, the ALJ noted a medical history consistent with lipoma (a type of benign cyst) and gestational diabetes, though neither was alleged by plaintiff to have affected her ability to work.[2] The ALJ noted (and Plaintiff concedes) that plaintiff did not report her complaints of shoulder pain and syncope when she filed her initial application, but instead first reported them on a June 20, 2007 pain questionnaire that plaintiff submitted following the 5/17/07 initial denial of her disability application. The only medical evidence of plaintiff's neurocardiac syncope (which can cause sudden faintness) is a record dated 9/12/05, during plaintiff's pregnancy and shortly prior to her alleged onset of disability. The ALJ further stated that treatment notes reflect "little, if any, mention [of shoulder pain] subsequent to her alleged onset date" other than an "occasional flare-up." (*Id.*)

The ALJ's findings with respect to plaintiff's syncope and shoulder pain are supported by substantial evidence. Plaintiff claims that the ALJ erred by failing to consider that her syncope is "incurable" because the only way to avoid it "is to avoid things that trigger the syncope episodes such as standing for long periods, stress, hot

---

[2]Plaintiff's alleged onset of disability corresponds with the date of birth of her daughter in December of 2005.

weather, and flashing or strobing lights to name a few." Plaintiff now alleges that the reason that she did not complain of her syncope prior to 6/20/07 is because she was under the misunderstanding when she completed her application for disability benefits that she was "to list what she claimed made her unable to engage in gainful employment, and since she had been gainfully employed while having the other impairments [syncope and shoulder pain], that was not to be listed." Doc. 10 at 1-2.

Substantial evidence supports the ALJ's determination that the syncope was not a severe impairment between 12/26/05 and 6/30/08. Despite the lone medical record describing plaintiff's syncope during her pregnancy, there is no medical evidence during the alleged disability period to support plaintiff's complaints that her syncope was "severe." An examination in August 2006 showed plaintiff had a regular heart rate, and plaintiff's own statements before this court acknowledge that she was not prevented by her syncope from engaging in gainful employment even though she allegedly suffered from the same condition while employed.

Likewise, substantial evidence supports the ALJ's determination that plaintiff's shoulder pain was not a severe impairment during the relevant period, from 12/26/05 to 06/30/08. Plaintiff reported no shoulder pain at all in a March 2007 pain questionnaire. (Tr. 140-144). As with the syncope, she first reported shoulder pain in a June 2007 questionnaire that she completed after the initial denial of her application, even though she alleged that the pain had been chronic for 12 years. (Tr. 164). Plaintiff does not point to any evidence that the ALJ failed to consider. She acknowledges in her Statement of Errors before this court that her shoulder pain "can be somewhat controlled and tolerated

7

with pain medication, a personal TENS unit, and avoidance of repetitive motions." Doc. 10 at 1. Again, all of the evidence in the record including plaintiff's own statements support the ALJ's finding that her shoulder pain is not "severe."

**B.**

Plaintiff also alleges that the ALJ erred by finding her complaints of severe, constant, and disabling pain to be "not credible." She argues that the ALJ erred by failing to ask her additional questions in order to "[clear] up any discrepancies the ALJ did not understand." However, it remained plaintiff's burden to establish the existence of her alleged disability. It was not the function of the ALJ to exhaustively question the plaintiff in the face of obvious discrepancies in the hope of prompting plaintiff to explain away discrepancies that cast doubt on the limited proof that she presented.

Plaintiff contends that the ALJ failed to give adequate weight to a medical record reflecting a diagnosis of "discogenic pain syndrome" and "lumbar degenerative disc disease," to support her claim of disabling pain. (Tr. 310). A diagnosis alone is not sufficient to prove a disability because it does not reveal anything about a person's limitations. *See Foster v. Bowen*, 853 F.2d 488, 489 (6th Cir. 1988)(claimant diagnosed with disorder must establish that condition is disabling). As the ALJ noted, numerous additional records showed "normal imaging studies," "normal lumbar MRI" and "normal nerve conduction." (Tr. at 24-25). Significantly, as the Commissioner points out, not one physician found that plaintiff was limited from working or disabled during the period of time from December 26, 2006 to June 30, 2008.

8

The plaintiff also alleges that the ALJ made a number of factual errors that caused him to incorrectly discount her complaints of disabling pain.  For example, she asserts that the ALJ erred when he stated that she "occasionally drives to Louisville" because she has had only one appointment there.  However, plaintiff does not dispute that she is able to drive short distances by herself (including 25 minutes to the hearing), and acknowledges that she occasionally travels longer distances to Ohio with her family for "holidays and the occasional family emergency." Plaintiff similarly quibbles with the ALJ's suggestion that she eats dinner out at Olive Garden each month, asserting that in fact she "may" eat out "about twice a month" but that it is rarely at Olive Garden.

Plaintiff admits that she did the laundry for her entire family until at least 3/14/07, as specifically noted by the ALJ.  However, she argues that the ALJ did not sufficiently recognize that more recently she has only been able to do laundry for her daughter due to her pain.  Although plaintiff complains that the ALJ erred by failing to consider "that 3 months had passed from the initial application," the passage of that period of time was irrelevant because the disability determination period was from 12/26/05 to 06/30/07.

Plaintiff does not dispute some of the ALJ's most significant findings concerning plaintiff's level of daily activity.  For example, the ALJ found that plaintiff has been the primary care giver for her daughter since her birth in December 2005 and continuing until the present, that she regularly visits with neighbors and friends and watches television, and that she spends her days doing pre-school workbooks with her daughter and doing

light housework such as picking up toys, loading the dishwasher and vacuuming.[3] The ALJ also found that plaintiff shops at Wal-Mart about five times per month, usually with her husband.

The relatively minor factual "errors" that Plaintiff argues were made by the ALJ have no impact whatsoever on the substantial evidence that supports his determination that plaintiff's pain is not disabling.[4]  *See Shinseki v. Sanders*, ___ U.S. ___, 129 S. Ct. 1696, 1706 (2009)(placing burden of proving that error was harmful on claimant).  The ALJ's determination that plaintiff's complaints of disabling pain were not fully credible was based in part upon her own testimony as well as medical records and evidence concerning plaintiff's daily activities.  Consideration of evidence that plaintiff engaged in a variety of daily activities was appropriate in making a credibility finding. *See Warner v. Commissioner*, 375 F.3d 387, 392 (6th Cir. 2004)("The administrative law judge justifiably considered Warner's ability to conduct daily life activities in the face of his claim of disabling pain.").  Thus, the ALJ properly evaluated plaintiff's subjective complaints about her impairments in accordance with 20 C.F.R. § 404.1529 and Social Security Ruling 96-7p.

## C.

Plaintiff's third claim is that the Appeals Council erred by failing to review the

---

[3] She argues that the ALJ misinterpreted her statement that she vacuums three floors, because she lives in a mobile home and meant that she vacuums three room areas.

[4] Another example is the ALJ's statement that the first hearing was continued in order to permit Plaintiff time to obtain representation.  While the transcript supports Plaintiff's contention that this statement was in error, the precise reasons for the continuation of the hearing are irrelevant to the ALJ's decision.

ALJ's determination and by failing to grant her request for additional time in which to present evidence and/or legal argument.  However, the exact same arguments and alleged factual errors were presented by Plaintiff to the Appeals Council in her request for additional time as have been presented by plaintiff in this proceeding.  The only other "new evidence" suggested by plaintiff in her letter requesting an extension of time was the possibility of her husband losing his job (in May of 2009) and her anticipated difficulties in paying for future medical care.  Because the only period of time at issue in this case is from December 26, 2005 to June 30, 2008, the Appeals Council's failure to grant plaintiff's request for review or for an extension of time was not error.

As noted above, the issue is not whether the record could support a finding of disability, but rather whether the ALJ's decision is supported by substantial evidence. *See Casey v. Secretary of Health and Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993).  The ALJ properly evaluated plaintiff's allegations in accordance with controlling law, and he reasonably concluded that they were not fully credible.  The ALJ's credibility finding is entitled to deference and thus should be affirmed.  *See Jones v. Commissioner of Social Security*, 336 F.3d 469, 476 (6th Cir. 2003)(ALJ's determinations of credibility to be given great weight).

### IT IS THEREFORE RECOMMENDED THAT:

1. The decision of the Commissioner is **SUPPORTED BY SUBSTANTIAL EVIDENCE**, and should be **AFFIRMED.**

2. As no further matters remain pending for the Court's review, this case should be **CLOSED.**

Date: June 9, 2010              s/ J. Gregory Wehrman
                                                     United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

VIKKI Y. BRINEGAR,   Case No. 1:09-cv-471

    Plaintiff,   Dlott, J.
        Wehrman, M.J.

vs.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

## NOTICE

Attached hereto is the Report and Recommended Decision of the Honorable J. Gregory Wehrman, United States Magistrate Judge. Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations **within 14 days** after being served with this Report and Recommendation. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections **within 14 days** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters,* 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).